IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ANDREW LISIECKI,

    Plaintiff,

v.

WEST MIFFLIN AREA SCHOOL DISTRICT;
SUPERINTENDENT JEFFERY SOLES; and
ASSISTANT SUPERINTENDENT JEFFERY
SOLOMON,

    Defendants.

C.A. No. 2:22-cv-1179

**Jury Trial Demanded**

## COMPLAINT IN CIVIL ACTION

Plaintiff ANDREW LISIECKI, by and through his attorneys, Timothy P. O'Brien, Esquire and the law office of O'Brien Coleman & Wright LLC submits the following Complaint in Civil Action, and in support thereof avers as follows:

### FRCP 8 CONCISE STATEMENT OF CLAIM

1. The instant action is brought on behalf of Andrew Lisiecki contending that his employment as a full-time West Mifflin Area School District (WMASD) School Police Officer (SPO) was terminated due to his age and/or on account of his race. Plaintiff contends that the termination of his employment due to age was in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et. seq.; and that the termination of his employment on account of his race was in violation of the equal protection clause of the 14th amendment to the United States Constitution made actionable against the defendants pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. §1983.

2. On account of the defendants' unlawful conduct, plaintiff has suffered lost wages, benefits and other remuneration, and has experienced emotional distress, embarrassment humiliation and damage to his reputation.

**PARTIES**

3. Plaintiff is an adult individual residing in Allegheny County, Commonwealth of Pennsylvania. Plaintiff is Caucasian. Plaintiff's date of birth is May 11, 1960. At all times relevant, plaintiff was employed as a full time SPO with the WMASD beginning in August 2018 through March 2021 when his employment was terminated;

4. Plaintiff, during his employment as a full time SPO, was the most educated, trained, experienced and qualified police officer so employed by WMASD, with over 30 years of police experience, including successfully serving as a chief of police within 2 municipal police departments, and holding supervisory positions within the City of Pittsburgh Bureau of Police for over 23 years;

5. Defendant WMSAD is a school district located within the Commonwealth of Pennsylvania, with a principal place of business located at 1020 Lebanon Road, West Mifflin PA 15122. The WMASD, in accordance with applicable state law and/or local ordinances was authorized to and maintained a police department. At all times relevant, this defendant was acting through its duly authorized elected officials, appointed officers, and/or employees, who were acting in accordance with the custom, policies and practices of the School District and who were acting under color of state law;

6. Defendant Soles is an adult individual residing in the Commonwealth Pennsylvania. He is employed by the WMASD as the District's Superintendent. At all times relevant, this defendant participated in the unlawful decision to terminate plaintiff's employment

on account of his age and/or race. This defendant was acting in accordance with the custom, practices and/or policies of the School District and was acting under color of state law;

7. Defendant Solomon is an adult individual residing in the Commonwealth Pennsylvania. This defendant is employed by the WMASD as the District's Assistant Superintendent. At all times relevant, this defendant participated in the unlawful decision to terminate plaintiff's employment on account of his age and/or race. This defendant was acting in accordance with the custom, practices and/or policies of the School District and was acting under color of state law.

## **JURISDICTION**

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1343 and 1345, and upon the doctrine of pendent and/or supplemental jurisdiction over any state law claims.

9. All of the violations of plaintiff's rights, alleged herein, occurred within the Western District of Pennsylvania, venue is, therefore, properly in the Western District of Pennsylvania under 28 U.S.C. §1291(B).

## **EXHAUSTION**

10. Plaintiff has exhausted all necessary administrative remedies before the Equal Employment Opportunity Commission (EEOC).

## **FACTUAL ALLEGATIONS**

11. On or about August 2018, plaintiff was hired as a full time WMASD SPO;

12. At the time plaintiff was hired, he had over 30 years experience as a police officer, including as a patrol officer, and in a variety of supervisory positions, including Sergeant, Lieutenant and as an Adjunct Police Academy Instructor within the City of Pittsburgh

Bureau of Police, and as Chief of Police within the Green Tree Borough Police Department, and the North Huntington Township Police Department;

13. At the time the plaintiff was hired, the WMASD. *police department* employed 6 other school police officers, 4 full time and 2 part time. These other school police officers were significantly younger than the plaintiff, each of these officers had substantially less experience, training and qualifications compared to the plaintiff;

14. At all times relevant, plaintiff was considered to be the number two officer in charge within the School District Police Department after the School District's Chief of Police, Richard Pritchard;

15. On or about March, 2021, plaintiff's employment was terminated by WMASD.;

16. Although the WMASD claimed that plaintiff's employment was terminated because of a reduction in force, other younger officers who were less qualified than plaintiff were retained as SPO's within WMASD;

17. In addition to retaining younger less qualified officers, WMASD retained an African American full time SPO who was less qualified than plaintiff;

18. The African American SPO who was retained, was not only less qualified than plaintiff, but also had other employment as a full-time police officer at another police department, requiring WMASD to accommodate his conflicting schedules;

19. As a direct result of the defendants' conduct, plaintiff has suffered lost income, wage loss, loss of earning capacity, benefits and other remuneration;

20. As a direct result of the defendant's conduct, plaintiff has suffered embarrassment, humiliation, emotional distress, and damage to reputation;

## CAUSES OF ACTION

### COUNT 1 - RACIAL DISCRIMINATION UNDER TITLE VII

21. Paragraphs 1 through 20 are incorporated herein by reference;

22. At all times relevant, plaintiff's employment was terminated on account of his race;

Wherefore, plaintiff requests judgment his favor for compensatory and/or punitive damages, such equitable relief as appropriate, and the award of costs and attorney's fees;

### COUNT 2 - 14TH AMENDMENT EQUAL PROTECTION RACIAL DISCRIMINATION PURSUANT TO 42 U.S.C. §1983;

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. At all times relevant, plaintiff's employment was terminated on account of his race;

Wherefore, plaintiff requests judgment his favor for compensatory and/or punitive damages, such equitable relief as appropriate, and the award of costs and attorney's fees;

### COUNT 3 - AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED 29 U.S.C. §621 ET. SEQ

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. At all times relevant, plaintiff's employment was terminated on account of his age;

Wherefore, plaintiff requests judgment his favor for compensatory and/or liquidated damages, such equitable relief as appropriate, and the award of costs and attorney's fees;

Respectfully submitted,

/s/ Timothy P. O'Brien
PA ID# 22104

O'BRIEN, COLEMAN & WRIGHT, LLC
116 Boulevard of the Allies
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff